Norman and Phyllis LIND,
Plaintiffs–Appellees,

v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
Defendant–Appellant.

No. 09–35727.

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 2010.

Filed July 20, 2010.

Peter A. Muhic, Esquire, Katherine B. Bornstein, Edward W. Ciolko, Joseph H. Meltzer, Esquire, Nick S. Williams, Barroway Topaz Kessler Meltzer & Check, LLP, Radnor, PA, Eric Graham Calhoun, Richard J. Pradarits, Jr., Travis & Calhoun, P.C., Dallas, TX, for Plaintiffs–Appellees.

Robert Jerome Fogarty, Erica L. Calderas, Derek Diaz, Michael J. Gleason, Steven A. Goldfarb, Esquire, Hahn, Loeser & Parks, LLP Cleveland, OH, James Taylor Yand, Esquire, Stafford Frey Cooper, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Fidelity National Title Insurance Company ("Fidelity") appeals the district court's denial of its request for sanctions, under Oregon Revised Statutes § 20.105, against Norman and Phyllis Lind.

* This disposition is not appropriate for publica-

The district court denied Fidelity's request for § 20.105 sanctions on the ground that the Linds had not acted in "bad faith." Prior to 1995, § 20.105 contained a "bad faith" requirement, but that requirement was removed by amendment in 1995. *See* 1995 Or. Laws Ch. 618, § 2.

Section 20.105 now requires a prevailing party to show that the losing party had "no objectively reasonable basis" for its claim. *See* 1995 Or. Laws Ch. 618, § 2. Fidelity cannot make that showing. When the Linds filed their complaint against Fidelity, they possessed three documents which provided factual support for their claims. Therefore, the Linds' claims were not entirely devoid of factual support, and the Linds had an objectively reasonable basis for their claims. *See Dimeo v. Gesik,* 195 Or.App. 362, 98 P.3d 397, 402 (2004) (citing *Mattiza v. Foster,* 311 Or. 1, 8, 803 P.2d 723 (1990)). Accordingly, we affirm the judgment of the district court denying Fidelity's request for sanctions.

AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeffrey Seung KIM, Defendant–
Appellant.

No. 09–50326.

United States Court of Appeals,
Ninth Circuit.

tion and is not precedent except as provided

Submitted June 29, 2010.*

Filed July 21, 2010.

Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, Brent G. Tabacchi, Esquire, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jeffrey Seung Kim, Garden Grove, CA, pro se.

Michael Tanaka, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Jeffrey Seung Kim appeals from the district court's order revoking supervised release and imposing a sentence that included the added supervised release condition that he participate in a Residential Reentry Center for a period of six months. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Kim's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Kim the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED,** and the district court's judgment is **AFFIRMED.**

**Robert M. LEVINE, Petitioner–Appellant,**

v.

---

by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).